ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RADAMÉS LEÓN MELÉNDEZ Y OTROS<br><br>Apelantes<br><br>v.<br><br>ANGÉLICA LEÓN TORRES Y OTROS<br><br>Apelados | KLAN202301093 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm.: CG2022CV01416<br><br>Sobre: Usucapión |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, la Jueza Álvarez Esnard, la Jueza Díaz Rivera y el Juez Campos Pérez[1]

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de abril de 2024.

Comparece ante nos la parte demandante y apelante, Sr. Radamés León Meléndez (en adelante, señor León Meléndez), mediante un recurso de apelación. Solicita la revisión de la *Sentencia* emitida el 15 de septiembre de 2023, notificada el día 18 siguiente, por el Tribunal de Primera Instancia, Sala de Caguas (en adelante, TPI). Mediante el dictamen impugnado, el TPI desestimó la acción civil sobre usucapión del apelante por la falta de partes indispensables.

Por los fundamentos que expondremos a continuación, se desestima el recurso apelativo presentado, por falta de jurisdicción.

**I.**

El 3 de mayo de 2021, el señor León Meléndez presentó una *Demanda* contra la parte demandada y apelada, conformada por Angélica León Torres, Georgina León Torres, Elsa Lidia León Torres, Carmen E. Pomales León, Ramona Torres Santiago, Tomás Torres Santiago, Máxima Torres Santiago, Virginia Torres Santiago, Petra

---

[1] Mediante la Orden Administrativa OATA-2024-021 de 2 de febrero de 2024, se designó al Hon. José I. Campos Pérez en sustitución de la Hon. Maritere Brignoni Mártir.

Número Identificador

SEN2024_____

Torres Santiago, Brígida Torres Santiago, Olinda León Meléndez y Reynaldo León Meléndez.[2] En síntesis, solicitó que fuera declarado como dueño absoluto de la finca 5220, inscrita al folio 162, tomo 169, del Registro de la Propiedad, Sección Caguas I y número de catastro 224-000-009-22-001. Según la certificación registral que obra en autos, la titularidad del inmueble recae sobre la comunidad hereditaria compuesta por: Angélica León Torres, Carmen León Torres, Elsa Lydia León Torres, Georgina León Torres, José Ernesto León Torres, Luis León Torres, Hilda León Torres, Rubén Eligio León Torres.[3] Con posterioridad, en *Demanda Enmendada*,[4] Tomás y Petra, ambos con apellidos Torres Santiago, fueron sustituidos por sus respectivas sucesiones.

Surge del expediente que Olinda León Meléndez,[5] Reynaldo León Meléndez,[6] Carmen E. Pomales León[7] y Angélica León Torres[8] comparecieron por derecho propio aceptando las alegaciones esenciales de la *Demanda Enmendada*.[9] Luego, a petición del señor León Meléndez, el TPI autorizó la expedición de edictos para las sucesiones de Tomás Torres Santiago y Petra Torres Santiago; y eximió al demandante del requerimiento de notificarles la *Demanda Enmendada* y el emplazamiento mediante correo certificado con acuse de recibo, por desconocerse las direcciones de los referidos herederos. Asimismo, el señor León Meléndez solicitó al TPI la expedición de edictos para Elsa Lidia León Torres, Brígida Torres

---

[2] Apéndice, págs. 1-24.
[3] Apéndice, pág. 111. Los titulares adquirieron por herencia de Antonia Torres Montañez, con un valor de $2,500.00. de conformidad con la *Resolución* otorgada en Caguas el 27 de febrero de 1982 por la Sala de Caguas del TPI (Caso Núm. RF82-1465). Obran en el expediente sendas escrituras públicas en las que los hermanos León Torres, José Ernesto y Luis, vendieron sus participaciones a Rubén Eligio León Torres, fallecido y padre del demandante. Además, consta un contrato privado (afidávit) de Hilda con igual intención de compraventa. Apéndice, págs. 9-24.
[4] Apéndice, págs. 56-81.
[5] Apéndice, págs. 25-26; 93.
[6] Apéndice, págs. 27-28; 95.
[7] Apéndice, págs. 29; 92.
[8] Apéndice, págs. 31; 94.
[9] Georgina León Torres sólo contestó la *Demanda*, no así la *Demanda Enmendada*. Apéndice, pág. 30.

Santiago, Máxima Torres Santiago y Desconocido A.[10]  Esta vez, no eximió al demandante de la notificación estatuida en la norma procesal atinente.  El edicto fue publicado en El Vocero el 2 de septiembre de 2022.[11]  En esta ocasión, sólo Elsa Lidia León Torres presentó su alegación responsiva.[12]  El resto de los demandados no compareció, por lo que el señor León Meléndez solicitó la anotación de rebeldía.[13]

Con respecto a Virginia Torres Santiago y a Ramona Torres Santiago, toda vez que no fueron emplazadas dentro del término jurisdiccional de 120 días, el señor León Meléndez solicitó el desistimiento, incoó un pleito por separado (CG2022CV03997) y solicitó la consolidación, a lo que el TPI accedió.  Posteriormente, efectuó el emplazamiento por edicto de ambas demandadas, eximido del requerimiento de notificar el emplazamiento y la *Demanda Enmendada* mediante correo certificado con acuse de recibo.[14]  El edicto se publicó el 19 de enero de 2023 en El Vocero.[15]  A tales efectos, el demandante reiteró su petición para que se le anotara la rebeldía a los demandados que no habían comparecido al pleito.[16] El 23 de marzo de 2023, notificada al día siguiente, el TPI anotó la rebeldía a la parte demandada.  Señaló la celebración de una vista en rebeldía para el 22 de mayo de 2023.[17]  Surge de la *Minuta,*[18] que a la audiencia únicamente compareció el demandante.[19]

Así las cosas, el 18 de septiembre de 2023, el TPI notificó la *Sentencia* apelada.[20]  En aquello que nos atañe, entre otras

---

[10] Apéndice, págs. 32-55; 82-83.
[11] Apéndice, págs. 84-91.
[12] Apéndice, pág. 96.
[13] Apéndice, págs. 97-101.
[14] Véase, Apéndice, págs. 102; 103-104; 105-123; 124-129; 130; 131; 132-138; 139-140.
[15] Apéndice, págs. 141-148.
[16] Apéndice, págs. 149-154.
[17] Apéndice, pág. 155.
[18] Véase, entrada 57 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[19] Refiérase a la prueba documental suministrada por el demandante, Apéndice, págs. 156-175.
[20] Apéndice, págs. 176-180.

deficiencias del expediente, el TPI apuntó que el señor León Meléndez no fue relevado de notificar el emplazamiento y copia de la *Demanda Enmendada* a Brígida y Máxima, ambas con apellidos Torres Santiago, pero de los autos no surgía dicha notificación. Resolvió que faltaban partes indispensables, sin cuya presencia no se podía adjudicar la causa de acción de usucapión y, en consecuencia, ordenó el archivo sin perjuicio del caso.

Inconforme, el demandante peticionó la reconsideración del dictamen, a la que unió varios documentos ajenos al señalamiento de la notificación omitida.[21] El 6 de noviembre de 2023, el TPI notificó la *Resolución* que declaró sin lugar la *Moción de Reconsideración*.[22]

Insatisfecho con el curso decisorio, el 6 de diciembre de 2023, el señor León Meléndez presentó la apelación del epígrafe y señaló la comisión de los siguientes errores.

> Primer Error:
> Erró y abusó de su discreción el TPI al emitir Sentencia ordenando el archivo sin perjuicio del caso ante la notificación de la demanda y demanda enmendada a las codemandadas, Brígida Torres Santiago y Máxima Torres Santiago dentro de los diez (10) días siguientes a la publicación del edicto mediante el cual fueron emplazadas.
>
> Segundo Error:
> Erró y abusó de su discreción el TPI al emitir Sentencia ordenando el archivo sin perjuicio del caso por no haberse acreditado el fallecimiento y herederos de Rubén León Meléndez y Félix León Santiago t/c/c Felipe León Santiago y negarse a tomar conocimiento judicial de las *Resoluciones* emitidas por el propio Tribunal de Caguas sobre las Declaratorias de Herederos de dichos cotitulares Rubén León Meléndez y Félix León Santiago t/c/c Felipe León Santiago.
>
> Tercer Error:
> Erró y abusó de su discreción el TPI al emitir *Sentencia* ordenando el archivo sin perjuicio del caso por no incluir como parte indispensable en el caso a la cotitular, Hilda León Torres, quien vendió por contrato privado de compraventa su participación sobre una (1) cuerda de terreno en el inmueble objeto del caso y cuya

---

[21] Apéndice, págs. 181-195.
[22] Apéndice, pág. 196.

venta, según la *Sentencia* emitida por el TPI fue nula y sin valor.

Cuarto Error:
Erró y abusó de su discreción el TPI al emitir *Sentencia* archivando sin perjuicio la totalidad del caso y no proceder a dictar *Sentencia Parcial* en cuanto a aquellos codemandados sobre los cuales el TPI tenía jurisdicción o comparecieron por derecho propio aceptando las alegaciones contenidas en la demanda y demanda enmendada.

Expuesto el marco procesal, expondremos el derecho aplicable.

**II.**

El Tribunal Supremo de Puerto Rico ha definido *jurisdicción* como el poder o autoridad que ostentan los tribunales para considerar y decidir los casos y las controversias ante su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020), que cita a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019).  Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, ya que no tenemos discreción para asumirla si no la hay.  Por ello, las cuestiones relativas a la jurisdicción son privilegiadas y, como tal, deben atenderse y resolverse con preferencia y prontitud.  La falta de jurisdicción no es susceptible de ser subsanada.  Más aún, ante un cuestionamiento de falta de jurisdicción, estamos compelidos a auscultarla, toda vez que el planteamiento jurisdiccional incide directamente sobre el poder para adjudicar una controversia.  Una sentencia dictada sin jurisdicción es nula en Derecho y, por lo tanto, inexistente.  Por consiguiente, **una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo de conformidad con lo ordenado por las leyes y los reglamentos para el perfeccionamiento de los recursos**.  *S.L.G Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882-883 (2007); *Torres Alvarado v. Madera Atiles, supra,* págs. 499-500; además, *Mun. de*

*San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005). En armonía, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, faculta a este foro intermedio para, a iniciativa propia o a petición de parte, desestimar un recurso de apelación cuando carecemos de jurisdicción.

Como se sabe, las partes promoventes deben observar rigurosamente las normas que rigen el perfeccionamiento de los recursos apelativos. *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). **El incumplimiento de las reglas de los tribunales apelativos impide la revisión judicial**. S*oto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). "Los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, y no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo". *Hernández Maldonado v. Taco Maker*, *supra*, que cita a *Arriaga v. F.S.E.*, 145 DPR 122 (1998); *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000).

Con relación a los requisitos necesarios para el perfeccionamiento de un recurso de apelación en casos civiles, además de las disposiciones prescritas en la Regla 74,[23] las Reglas 13 (B) y 15 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establecen, en lo pertinente, lo siguiente:

*Regla 13 – Término para presentar la apelación*

. . . . . . . .

(B) *Notificación a las partes*

(1) Cuándo se hará

La parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la

---

[23] 4 LPRA Ap. XXII-B, R. 74.

presentación del recurso, siendo éste un término de estricto cumplimiento.

La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos.

.    .    .    .    .    .    .    .    .    .

*Regla 15 – Certificación de la notificación*

La parte apelante certificará al Tribunal de Apelaciones en el escrito de apelación el método mediante el cual notificó a las partes y el cumplimiento con el término dispuesto para ello.

.    .    .    .    .    .    .    .    .    .

Según surge de la norma, en lo relativo a la debida notificación a las partes en la etapa apelativa, su incumplimiento no resulta en una desestimación automática, pues, el término concedido para ello es de cumplimiento estricto y no jurisdiccional. *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 550 (2017). En cuanto a los términos de cumplimiento estricto, nuestro Tribunal Supremo opinó lo siguiente:

Es norma harta conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. *Soto Pino v. Uno Radio Group, supra*, pág. 92.

Ahora bien, esta curia no puede prorrogar automáticamente el término y, en ausencia de justa causa, sólo procede la desestimación del recurso presentado. Al respecto, "[l]a acreditación de justa causa se hace con explicaciones concretas y particulares —debidamente evidenciadas en el escrito— que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora". *Febles v. R*omar, 159 DPR 714, 720 (2003).

Es sabido que los requisitos de notificación no constituyen una mera formalidad procesal. Éstos son parte integral del debido

proceso de ley y necesarios para que la parte adversa tenga conocimiento del recurso instado en etapa apelativa. *Montañez Leduc v. Robinson Santana, supra,* pág. 551. Cónsono con ello, el alto foro ha resuelto que **la falta de una oportuna notificación a todas las partes priva de jurisdicción a este tribunal para ejercer nuestra facultad revisora y conlleva la desestimación del recurso de apelación**. *González Pagán et al. v. SLG Moret-Brunet,* 202 DPR 1062, 1071-1072 (2019). Añadió la máxima curia que el hecho que a una parte se le haya anotado la rebeldía, no es óbice para que el recurso instado en apelación se le notifique. Ésta es "parte dentro del significado jurídico-procesal, aunque en rebeldía". *Id.,* pág. 1072.

### III.

En el presente caso, el señor León Meléndez certificó la notificación de la *Apelación* a los siguientes demandados: Angélica León Torres, Elsa Lidia León Torres, Carmen E. Pomales León, Olinda León Meléndez, Reynaldo León Meléndez y Georgina León Torres.[24] Ahora, el apelante omitió la notificación a otras partes a las que se les anotó la rebeldía, a saber: Ramona Torres Santiago, Máxima Torres Santiago, Virginia Torres Santiago, Brígida Torres Santiago, así como a las sucesiones de Tomás Torres Santiago y Petra Torres Santiago. El expediente, además, carece de una justificación de la omisión fatal.

Como mencionamos, cuando una parte solicita la revisión de un dictamen, debe perfeccionar el recurso conforme con el ordenamiento legal y reglamentario aplicables. El perfeccionamiento de un recurso apelativo permite que este tribunal intermedio adquiera jurisdicción sobre la controversia en cuestión. Es requisito jurisdiccional que la parte apelante notifique la

---

[24] Véase, *Apelación,* págs. 17-18 y *Moción sobre notificación,* presentada el 7 de diciembre de 2023.

presentación del recurso **a todas las partes en el pleito**. Ello incluye a las partes que se encuentren en rebeldía. No obstante, el apelante solo notificó su recurso apelativo a las partes que, en algún momento, comparecieron ante el TPI. Por ende, es forzoso concluir que la apelación no se perfeccionó adecuadamente y procede su desestimación, al palio de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, toda vez que carecemos de jurisdicción.

## IV.

Por los fundamentos antes expresados, se desestima el recurso de apelación, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones